# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs March 1, 2011

## TRIPLETT MCNEAL v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6389     Joseph H. Walker, III, Judge**

**No. W2010-01201-CCA-R3-HC  - Filed May 20, 2011**

The Petitioner, Triplett McNeal, pled guilty to aggravated robbery, especially aggravated kidnapping, and especially aggravated robbery and agreed to an effective sentence of thirty years in the Tennessee Department of Correction.  He filed a petition for writ of habeas corpus in the Lauderdale County Circuit Court, and the habeas corpus court dismissed the petition.  The Petitioner now appeals the denial of his petition for habeas corpus relief and, after a  review of the record in this case, we conclude that the Petitioner's notice of appeal is untimely.  As such, we dismiss the Petitioner's appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Triplett McNeal, Pro se, Henning, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; and D. Michael Dunavant, District Attorney General, for the Appellee, State of Tennessee.

## OPINION
### I. Facts & Procedural History

The Petitioner pled guilty in 1991 to one count of aggravated robbery (Count 1), two counts of especially aggravated robbery (Counts 2 and 3), and one count of especially aggravated kidnapping (Count 4).  He agreed to be sentenced to two consecutive fifteen-year sentences in Counts 2 and 3, which were to be served concurrently with an eight-year sentence in Count 1 and a fifteen-year sentence in Count 4.  Accordingly, the judgment form

in Count 3 noted that his sentence in Count 3 was to be served consecutively to his sentence in Count 2 and concurrently to his sentence in Count 4.

In 2007, the Petitioner filed a petition for habeas corpus relief. The habeas court dismissed his 2007 petition, and the Petitioner appealed this dismissal, but this Court dismissed his appeal because he failed to file a brief. The Petitioner filed the present petition for habeas corpus relief on March 15, 2010. This petition appears, in large part, to rehash the issues raised in his 2007 petition. The Petitioner alleges in his present petition that "since all of the offenses were found under . . . one single indictment, all of the offenses should have been concurrent sentences" and that the Petitioner's judgment in Count 3 was "void" because it ordered the consecutive service of two sentences for crimes alleged within the same indictment.

In a March 24, 2010 order, the habeas corpus court dismissed the petition after finding that the trial court's imposition of consecutive sentencing in Counts 2 and 3 was lawful and that the Petitioner's sentence had not expired.

The Petitioner filed his notice of appeal on May 26, 2010, late by over one month. *See* Tenn. R. App. P. 4(a). In a criminal case, however, a defendant's notice of appeal is not jurisdictional and may be waived in the "interest of justice." Tenn. R. App. P. 4(a).

Shortly after he filed his late notice of appeal, the Petitioner filed a motion in this Court to allow him to supplement the appellate record. This Court, however, finding "the Petitioner [sought] not to supplement the appellate record but to offer explanation as to the late-filed notice of appeal document," elected to treat the Petitioner's motion as a motion for a waiver of the timely filing requirement. Recognizing that the Petitioner explained the delay in filing the notice of appeal and also sought status updates from the trial court regarding disposition of his habeas corpus petition, this Court nonetheless concluded that the "interest of justice" did not require waiver of the notice of appeal. This Court also denied the Petitioner's request to supplement the record.

In our view, nothing in the record indicates that we should depart from our previous determination in this case that waiver of the Petitioner's timely filed notice of appeal is not in the "interest of justice." As such, we conclude that the Petitioner has waived his appeal of the habeas corpus court's judgment by failing to file a timely notice of appeal. *See* Tenn. R. App. P. 24(b). Accordingly, we dismiss his appeal.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we conclude that

the Petitioner's notice of appeal in this case was untimely and waiver of a timely filed notice of appeal is not in the interest of justice.  As such, we dismiss the Petitioner's appeal.

_____
ROBERT W. WEDEMEYER, JUDGE